ESTATE OF Finau TAPUELUELU; Jean Faalantina, as an individual and as guardian ad litem for Finau Fisi Tapueluelu, Jr., Tei Fisi Tapueluelu, minors; Finau Fisi Tapueluelu, Jr., a minor; Tei Fisi Tapueluelu, a minor, Plaintiffs–Appellants,

v.

CITY AND COUNTY OF SAN FRANCISCO; Patrick Butherus; Stephen Bucy; Kevin Lyons; Thomas J. Westbrook, Defendants–Appellees.

No. 06–15638.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2008.

Filed March 5, 2008.

Gregory M. Haynes, San Francisco, CA, for Plaintiffs–Appellants.

Blake P. Loebs, Esq., San Francisco City Attorney's Office, San Francisco, CA, for Defendants–Appellees.

Before: THOMAS and BYBEE, Circuit Judges, and BLOCK *, District Judge.

MEMORANDUM **

Plaintiffs–Appellants, the estate of Finau Tapueluelu, his wife Jean Faalantina, and his minor children[1] (collectively "the Tapueluelus") appeal the district court's grant of summary judgment in favor of Defendants–Appellees, the City and County of San Francisco ("the City"), and sev-

---

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Through their guardian ad litem, Jean Faalantina.

eral officers of the San Francisco Sheriff's Department ("the officers").[2] We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

## I

The Tapueluelus claim that the officers used excessive force on Mr. Tapueluelu, in violation of the Fourth Amendment. A Fourth Amendment claim of excessive force is analyzed under the framework set forth by the Supreme Court in *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). A court must balance the "nature and quality of the intrusion" on a person's liberty with the "countervailing governmental interests at stake" to determine whether the use of force was objectively reasonable under the circumstances. *Id.* at 396, 109 S.Ct. 1865. To evaluate the "nature and quality of the intrusion," this court "assess[es] the quantum of force used [ ] by considering 'the type and amount of force inflicted.'" *Deorle v. Rutherford*, 272 F.3d 1272, 1279 (9th Cir.2001) (quoting *Headwaters Forest Def. v. County of Humboldt*, 240 F.3d 1185, 1198 (9th Cir.2000)). This determination "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1058 (9th Cir.2003) (quoting *Graham*, 490 U.S. at 396, 109 S.Ct. 1865). If an individual not under arrest poses a danger to himself or others, some force is justified in restraining the individual. *See id.* at 1059.

Considering the undisputed evidence in the case, the district court properly granted summary judgment. The officers were confronted with a report of a man on a ledge, in apparent danger. The officers handcuffed Mr. Tapueluelu behind his back after they responded to a call at the Tapueluelu residence, observed Mr. Tapueluelu standing on the outside ledge of a fifth-floor apartment building, and suspected that Mr. Tapueluelu was under the influence of alcohol or narcotics. Under the circumstances, it was objectively reasonable for the officers to handcuff Mr. Tapueluelu to restrain him while taking him into protective custody and awaiting an ambulance. Likewise, the rear leg sweep and the subsequent restraint of Mr. Tapueluelu were objectively justified under the circumstances given his struggle to be free of the restraints, coupled with his size, strength, and apparent risk to himself and others. Under these circumstances, although tragic, the district court properly granted summary judgment to the officers.

## II

The Tapueluelus argue that the City is liable under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A municipality may be liable under section 1983 if the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694, 98 S.Ct. 2018. To establish liability under *Monell*, the Tapueluelus must satisfy four conditions: "(1) that [Mr. Tapueluelu] possessed a constitutional right of which he was deprived; (2) that the [City] had a policy; (3) that this policy 'amounts to deliberate indifference' to [Mr. Tapueluelu's] constitutional right; and (4) that the policy is the 'moving force behind

---

**2.** Officers Stephen Bucy, Patrick Butherus, Keven Lyons, Thomas Westbrook, Sergeant Michael Cesari, and Captain Stephen Tittel.

the constitutional violation.'" *Oviatt v. Pearce,* 954 F.2d 1470, 1474 (9th Cir.1992) (quoting *City of Canton v. Harris,* 489 U.S. 378, 389–91, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). The Tapueluelus' claim fails at the first condition. Absent an underlying constitutional violation, the City cannot be liable under *Monell.*

**AFFIRMED.**